*606 The injured plaintiff fell from a ladder while performing renovation work in the school library located at ES. 3 on Staten Island. To make a prima facie showing of liability under Labor Law § 240 (1), a plaintiff must establish that the statute was violated and that the violation was a proximate cause of his or her injuries (see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 287 [2003]). This showing may be made with “evidence that the subject ladder was defective or inadequately secured and that the defect, or the failure to secure the ladder, was a substantial factor in causing the plaintiff’s injuries” (Melchor v Singh, 90 AD3d 866, 868 [2011]; see Canas v Harbour at Blue Point Home Owners Assn., Inc., 99 AD3d 962, 963 [2012]; Ordonez v C.G. Plumbing Supply Corp., 83 AD3d 1021 [2011]).
Here, the plaintiffs failed to establish their prima facie entitlement to judgment as a matter of law on the Labor Law § 240 (1) cause of action. The mere fact that the injured plaintiff fell from a ladder does not, in and of itself, establish that proper protection was not provided (see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d at 288; Delahaye v Saint Anns School, 40 AD3d 679 [2007]; Alava v City of New York, 246 AD2d 614, 615 [1998]). There are triable issues of fact as to whether the subject ladder was inadequately secured and whether the injured plaintiffs actions were the sole proximate cause of the accident (see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 *607 NY3d at 288-289; Schick v 200 Blydenburgh, LLC, 88 AD3d 684 [2011]; Delahaye v Saint Anns School, 40 AD3d at 682). For similar reasons, the defendants failed to establish their prima facie entitlement to judgment as a matter of law on that branch of their cross motion which was for summary judgment dismissing the Labor Law § 240 (1) cause of action.
Accordingly, Supreme Court properly denied the motion and cross motion for summary judgment. Eng, P.J., Dillon, Sgroi and Miller, JJ., concur.